## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN KNUEPPEL,
on behalf of plaintiff and a class,

        Plaintiff,

        vs.

FINANCIAL RECOVERY SERVICES, INC.;
LVNV FUNDING, LLC;
RESURGENT CAPITAL SERVICES, L.P.;
and  ALEGIS GROUP LLC;

        Defendants.

No: CV-14-890

Counsel of Record for Plaintiff:
Richard Shenkan
Shenkan Injury Lawyers, LLC.
P.O. Box 7255
New Castle, PA 16107
T: (800) 601-0808
F: (888) 769-1774
rshenkan@shenkanlaw.com

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Maryann Knueppel brings this action to secure redress from unlawful collection practices engaged in by defendants  Financial Recovery Services, Inc. ("FRS"), LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and  Alegis Group LLC ("Alegis").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

4.    Venue and personal jurisdiction in this District are proper because defendants' collection communications and activities impacted plaintiff within this District.

1

**PARTIES**

5.      Plaintiff is an individual who resides in White Haven, Pennsylvania.

6.      Defendant Financial Recovery Services, Inc. is a corporation chartered under the law of Minnesota with offices at 4900 Viking Dr, Edina, MN 55435-5302.  It does or transacts business in Pennsylvania.  Its registered office is 1515 Market Street, Suite 1210, Philadelphia, PA 19102.

7.      FRS is engaged in the business of a collection agency.

8.      FRS regularly uses the mails and telephones to collect debts.

9.      FRS is a "debt collector" as defined in the FDCPA.

10.     Defendant LVNV is a Delaware limited liability company with offices at 625 Pilot Rd., Ste. 3, Las Vegas, NV 89119.  It does or transacts business in Pennsylvania.

11.     Defendant LVNV is engaged in the business of purchasing or acquiring, or claiming to purchase or acquire, allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

12.     Defendant LVNV pays an average of less than 5 cents on the dollar for the debts it purchases.

13.     Defendant LVNV then attempts to collect the purchased debts by filing or threatening suits on them and having the putative debtors dunned.

14.     Defendant LVNV conducts business on a national scale.

15.     Defendant LVNV has been the plaintiff in more than 1,000 collection lawsuits during the year prior to the filing of this action.

16.     Defendant LVNV regularly uses the mails and telephones in its business.

17.     Defendant LVNV is a "debt collector" as defined in the FDCPA.

18.     Defendant Resurgent is a limited partnership entity organized under Delaware law with offices at 55 Beattie Place, Suite 300, MS 425, Greenville, SC 29601.

19.     Defendant Resurgent operates a collection agency.

2

20.     Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

21.     Defendant Resurgent is a debt collector as defined in the FDCPA.

22.     Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

23.     All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

24.     Defendant LVNV has stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

25.     Defendant LVNV has also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

26.     The above statements continue to describe the relationship between LVNV and

3

Resurgent.

27.     Defendants Resurgent and LVNV are under common ownership and management.  Both are part of the Sherman Financial Group.

28.     On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

29.     On information and belief, the purpose of the Sherman Financial Group in having Resurgent employ the collection personnel while having LVNV (and other, similar entities) allegedly take title to the debts Resurgent seeks to collect is to minimize liability under the Fair Debt Collection Practices Act and other statutes which peg liability to an entity's net worth, by placing the actors and the assets in separate entities.

30.     Defendant Alegis is a limited liability company organized under Delaware law with offices at 55 Beattie Place, Ste. 110, Greenville SC 29601.

31.     Alegis is the general partner of Resurgent, and all acts of Resurgent are chargeable to it.

## FACTS

32.     In July 2013, LVNV filed a lawsuit against Maryann Knueppel in a Magisterial District Court in Luzerne County, seeking to collect a debt incurred (if at all) for personal, family or household purposes and not for business purposes.  The alleged debt was a deficiency on an ATV.

33.     Ms. Knueppel never received any notices pursuant to UCC §§ 9-613, 614, or 616 related to the sale of the ATV.

34.     Ms. Knueppel, by counsel, filed a notice of intent to defend.

35.     A default judgment in her favor was entered on September 4, 2013.

36.     On or about October 2, 2013, LVNV appealed to the Court of Common Pleas.

4

37. Ms. Knueppel, by counsel, filed preliminary objections and a discovery request.

38. LVNV thereafter abandoned the case.

39. At the beginning of March 2014, plaintiff received the letter attached as <u>Exhibit A</u> in the envelope attached as <u>Exhibit B</u>.

40. The letter, on the letterhead of FRS, is dated January 27, 2014.

41. The letter was sent directly to Ms. Knueppel.

42. FRS sent <u>Exhibit A</u> on behalf of LVNV at the direction of Resurgent.

43. The envelope was mailed on or about February 26, 2014, or 30 days later than the date on the letter.

44. The envelope was mailed from zip code 18505, which is Scranton, Pennsylvania.

45. On information and belief, the envelope and its contents were sent by a mass mailer.

46. <u>Exhibit A</u> is the first writing plaintiff received from FRS relating to the debt described therein.

47. On information and belief, based on its contents, <u>Exhibit A</u> was the first letter FRS sent to plaintiff.

48. On information and belief, <u>Exhibit A</u> is a form letter regularly used by FRS as the initial letter it sends to a consumer.

49. On information and belief, based on the use of a mass mailer physically distant from the offices of FRS, the discrepancy between the date of the letter (<u>Exhibit A</u>) and the date it was placed in the mail (<u>Exhibit B</u>) is not unique to plaintiff.

## <u>COUNT I – FDCPA – CLASS CLAIM – DATING OF INITIAL LETTERS</u>

50. Plaintiff incorporates paragraphs 1-49.

51. Defendant FRS engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692f, and 1692g, by sending a letter dated January 27, 2014 on February 26, 2014.

5

52.   The practice is unfair and deceptive because it creates a false record that the time for disputing the debt under §1692g had or was about to expire, when that was not the case.

53.   The practice was engaged in on behalf of LVNV and Resurgent.

54.   Alegis is liable for the violations of Resurgent.

55.   Section 1692e provides:

**§ 1692e.       False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)    The false representation of–**

**(A)    the character, amount, or legal status of any debt; . . .**

**(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

56.   Section 1692f provides:

**§ 1692f.       Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

57.   Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion**

6

thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §§ 1 et seq.], title V of Gramm-Leach-Bliley Act [15 USCS §§ 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

58.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

59.     The class consists of (a)  all individuals (b) to whom FRS sent an initial letter (c)

7

on behalf of LVNV or Resurgent (c) which letter was dated 20 days or more before the actual date it was delivered to the Postal Service (d) and which letter was mailed at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

60. On information and belief, the class is so numerous that joinder of all members is not practicable.

61. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether FRS engaged in a practice of dating initial collection letters substantially prior to the date of mailing;

    b. Whether such practice is unfair or deceptive;

    c. The responsibility of the other defendants for such practice.

62. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

63. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

64. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i. Statutory damages;

    ii.       Attorney's fees, litigation expenses and costs of suit;

    iii.      Such other and further relief as the Court deems proper.

## COUNT II – FDCPA – INDIVIDUAL CLAIM

65.    Plaintiff incorporates paragraphs 1-49.

66.    Defendant violated 15 U.S.C. §1692c by contacting a represented party directly.

67.    Section 1692c provides:

**§ 1692c.  Communication in connection with debt collection**

**(a) Communication with the consumer generally.  Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

**. . .   (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

68.    Defendants LVNV and Resurgent have engaged in a pattern and practice of (a) sending a debt to attorney or agency A for collection, (b) taking the debt back if the consumer disputes it, refuses to pay, hires counsel, or otherwise takes action that would bar A from further collection efforts, and (c) then sending the debt to attorney or agency B to engage in further collection efforts that A could not engage in.

69.    Some of the numerous other instances of this conduct include:

    a.    *Maria Galan, Plaintiff, v. United Collection Bureau, Inc., an Ohio corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, 1:10-cv-05012 (N.D.Ill.).

    b.    *Daniel Thomas,  Plaintiff,  v. LVNV Funding, LLC and Resurgent Capital Services, L.P.,  Defendants*, Case No. 1:12-cv-09187 (N.D.Ill.).

    c.    *Glenna Harper,  Plaintiff,  v. LVNV Funding, LLC and Resurgent Capital Services, L.P.,  Defendants*, Case No. 1:12-cv-09286 (N.D.Ill.).

9

d.   *Karen Cousins, Plaintiff, v. LVNV Funding, LLC, Defendant*, Case No. 3:12-cv-00689-RL-CAN (N.D.Ind.).

e.   *Edward Fitzgerald, Plaintiff, v. LVNV Funding, LLC, Defendant*, Case No. 1:12-cv-00361-JTM-RBC (N.D.Ind.).

f.   *Essie Balkcom,  Plaintiff,  v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants*, Case No. 1:10-cv-05656 (N.D.Ill.).

g.   *Leticia Alvarez,  Plaintiff,  v. LVNV Funding, LLC and  Richard J. Boudreau &  Associates, LLC, Defendants.*, Case No. 1:10-cv-01045 (N.D.Ill.).

h.   *Flora Martin and Carol Brooks, Plaintiffs,  v. LVNV Funding, LLC, Defendant*, Case No. 1:07-cv-4414 (N.D. Ill.);

i.   *Joseph Garza, Plaintiff, v. LVNV Funding, LLC, Defendant*, Case No. 1:08-cv-3197 (N.D.Ill.);

j.   *Merry Link, Plaintiff, v. LVNV Funding, LLC and Boudreau, Defendants*, Case No. 1:09cv669 (W.D.Mich.).

k.   *Bonnie Luke,  Plaintiff,  v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants*, Case No. 1:09-cv-00993-LJM-JMS (S.D.Ind.)

l.   *Leta Marcisz, Plaintiff, v. Leading Edge Recovery Solutions, LLC, an Illinois limited liability company, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, Case 1:09-cv-04844 (N.D.Ill.).

m.   *Phyllis Neal, Plaintiff, v. SIMM Associates, Inc., a Delaware corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, Case 1:09-cv-04797 (N.D.Ill.).

n.   *Arthur Brobst, Plaintiff, v. Aegis Receivables Management, Inc., a Delaware corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, Case 1:09-cv-03718 (N.D.Ill.).

10

o.   *Rachel L. Sydnor, Plaintiff, v. Professional Recovery Services, Inc., a New Jersey corporation, Resurgent Capital Services, L.P., a Delaware limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, No. 1:09-cv-03297 (N.D.Ill.).

p.   *Albert Tilton, Plaintiff, v. Weltman, Weinberg & Reis Co., LPA, an Ohio professional corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, 3:09cv3130-RM-BGC (C.D.Ill.).

q.   *Leonardo A. Cueto, Plaintiff, v. Allied Interstate Inc., and LVNV Funding, LLC, Defendants*, Case 0:09cv60550-WPD (S.D.Fla.).

r.   *Courtney Nzeribe v. LVNV Funding*, Case 12cv9805 (N.D.Ill.).

s.   *Mark Coker v. LVNV Funding*, Case 13cv299 (N.D.Ill.).

70.   Plaintiff was aggravated and harassed by such conduct.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

i.   Actual damages;

ii.   Attorney's fees, litigation expenses and costs of suit;

iii.   Such other and further relief as the Court deems proper.

SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan

Pro hac vice application to be submitted:

Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
Phone: (312) 739-4200 / Fax: (312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

SHENKAN LAW CENTER, P.C.

By:  Richard Shenkan

12

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan